UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROBERT GILBERT HERNANDEZ,<br><br>        Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. CV 13-9241-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Robert Hernandez ("Plaintiff") appeals from the final decision of the Administrative Law Judge ("ALJ") denying his applications for Social Security disability benefits. The Court concludes that the ALJ did not err in failing to find that Plaintiff meets or equals a listing or in assessing Plaintiff's credibility. The ALJ's decision is therefore affirmed and the matter is dismissed with prejudice.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his applications for Social Security Disability Insurance and Supplemental Security Income benefits on December 28, 2010, alleging

disability beginning September 11, 2005. The ALJ found that Plaintiff had the following severe impairments: history of a partial tear of the left Achilles tendon; bilateral lower extremity deep venous thrombosis; history of protein C deficiency; degenerative disc disease of the lumbar spine; pulmonary embolism; obesity; and mild osteoarthritis of the right knee. Administrative Record ("AR") 13. The ALJ concluded, however, that Plaintiff was not disabled because there was work available in significant numbers in the national and regional economy which he could perform. AR 21-22.

## II.
## ISSUES PRESENTED

The parties dispute whether the ALJ erred in: (1) failing to find that Plaintiff meets or equals a listing at step three of the sequential evaluation process, and (2) assessing Plaintiff's credibility. See Joint Stipulation ("JS") at 2-3.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a

whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

## IV.

## DISCUSSION

### A. The ALJ Properly Determined That Plaintiff's Impairments Do Not Meet or Equal Listing 1.04

Plaintiff contends that the ALJ erred by failing to find, at step three of the sequential evaluation process, that Plaintiff's impairments meet or equal Listing 1.04(A). JS at 3-5. The ALJ considered this listing as follows:

> I also considered Listing 1.04, the listing that describes disorders of the spine. This listing requires evidence of nerve root compression, or spinal arachnoiditis, or lumbar spinal stenosis resulting in pseudoclaudation. There is no evidence that the claimant has any of these factors. In fact, the consultative examiner found that the claimant had a negative straight leg raising test bilaterally in March 2011. Diagnostic images of the claimant's lumbar spine from 2008 and 2010 also showed no evidence of stenosis or radiculopathy. Thus, I find no persuasive evidence that all of the criteria have documentation.

AR 15.

At step three of the sequential evaluation process, the ALJ must determine whether a claimant's impairment or combination of impairments meets or equals a listed impairment. See Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). To "meet" a listed impairment, the claimant must establish that he satisfies each element of the listed impairment in question. See Sullivan

v. Zebley, 493 U.S. 521, 530 (1990); Tackett, 180 F.3d at 1099. To "equal" a listed impairment, a plaintiff "must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment 'most like' the claimant's impairment." Tackett, 180 F.3d at 1099 (quoting 20 C.F.R. § 404.1526). The claimant bears the burden of proving that he has an impairment that meets or equals the criteria of a listed impairment. See Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005) ("An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence."); Zebley, 493 U.S. at 530 (the burden of proof rests with the claimant to provide and identify medical signs and laboratory findings that support all criteria for a step three impairment determination).

     In order to meet Listing 1.04(A), Plaintiff must present evidence of a disorder of the spine resulting in compromise of a nerve root or the spinal cord with "evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04(A). Plaintiff argues that the ALJ should have found that his degenerative disc disease met or equaled Listing 1.04(A) based upon the following: (1) a lumbar spine MRI performed on September 15, 2004 found Plaintiff to have numerous degenerative spinal changes, including "foraminal narrowing [that] is more severe on the left side at both L4-L5 and L5-S1 with contact of the exiting L4 and L5 nerve roots," JS at 4 (citing AR 286); (2) an EMG study conducted on December 10, 2004 concluded that Plaintiff had "bilateral active L5

radiculopathy," id. (citing AR 279); and (3) during a January 28, 2008 consultative examination, Dr. Concepcion Enriquez found that Plaintiff had a decreased range of motion in the lumbar spine and a positive straight leg raise test, id. (citing AR 496).

The Court disagrees. First, although Plaintiff points to evidence of nerve root compression, see AR 279, 286, the MRI and EMG study were conducted in September and December 2004, several months before Plaintiff's alleged onset date of September 2005. Second, although Plaintiff had a positive straight leg test in 2008, see AR 496, a more recent examination in 2011 resulted in a negative test. AR 630. Finally, Plaintiff has not identified any medical evidence to demonstrate that he experienced "motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss" as required by Listing 1.04(A). In fact, as noted by the ALJ, consultative examinations in January 2008 and March 2011 and treatment notes from October 2011 indicate that Plaintiff had normal range of motion, normal motor strength, and normal muscle tone and bulk with no signs of atrophy. AR 16 (citing AR 497, 631, 727). Thus, the record does not substantiate Plaintiff's argument that his degenerative disc disease meets or equals each of the required elements of Listing 1.04(A). See Zebley, 493 U.S. at 530 (noting that "[a]n impairment that manifests only some of [the listed] criteria, no matter how severely, does not qualify").

In sum, when the record as a whole is considered, Plaintiff has not met his burden of demonstrating that his impairments meet or equal the criteria of Listing 1.04. The ALJ reviewed the medical evidence in detail and correctly found, at step three of the sequential analysis, that Plaintiff's impairments do not meet or equal Listing 1.04(A). Plaintiff is therefore not entitled to relief.

///

///

### B. The ALJ Properly Assessed Plaintiff's Credibility

Plaintiff contends that the ALJ erred by failing to provide clear and convincing reasons for discounting his subjective symptom testimony. JS at 11-16. Plaintiff testified at the administrative hearing that: he often experiences fatigue; he has constant leg swelling; he has problems with his grip; he has numbness in his legs; he can only walk, stand, or sit for up to ten minutes at a time; and he can only lift approximately five to ten pounds. AR 42-49.

To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009) (citing Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. Lingenfelter, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain are reasonably consistent with the objective medical evidence and other evidence, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).

If the claimant meets the first step and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. Robbins, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick, 157 F.3d at 722 (quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996)).

The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. Smolen, 80 F.3d at 1283-84 & n.8. The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. Id.

The ALJ gave specific reasons for finding that Plaintiff's subjective testimony was not entirely credible, each of which is fully supported by the record. First, the ALJ determined that Plaintiff was not fully credible based upon his conservative treatment history. For example, the ALJ noted that Plaintiff's knee and shoulder impairments were treated with medication, such as Vicodin, and that he had not received any other treatment. AR 20. The ALJ also noted that Plaintiff had last received pain injections for his back in 2004, and had not had surgery, physical therapy, or pain relief injections for his lumbar spine impairment since the alleged onset date. Similarly, Plaintiff was not receiving any ongoing treatment for the tear in his Achilles tendon, his right knee osteoarthritis, or his pulmonary embolism. AR 20. A conservative treatment history is a legitimate basis for an ALJ to discount a claimant's credibility. See Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008); see also Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989) (finding that the claimant's allegations of persistent, severe pain and discomfort were belied by "minimal conservative treatment").

Second, the ALJ found that, despite Plaintiff's complaints of debilitating pain, he was able to perform light household chores, such as laundry, vacuuming, grocery shopping, and washing the dishes. AR 20 (citing AR 202-04). While it is true that "one does not need to be 'utterly incapacitated' in order to be disabled," Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001),

the extent of Plaintiff's activity here supports the ALJ's finding that Plaintiff's report of his impairments, including the claims that he spends almost all day in bed and is unable to perform any work activities, see, e.g., AR 47, 202, was not fully credible. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009); Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990) (finding that the claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries . . . may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing Fair, 885 F.2d at 604).

    Finally, the ALJ concluded that Plaintiff's claims of disabling pain and extreme functional limitations were unsupported by the medical evidence. After reviewing the record, the ALJ concluded that the medical evidence generally showed unremarkable examinations and few abnormal findings. AR 16-19. Moreover, the consultative examining physician, after examining Plaintiff in 2008 and 2011, opined both times that Plaintiff was able to perform light work, including standing, walking, and sitting for six hours out of an eight-hour work day. AR 498, 631-32. Similarly, the State Agency reviewing physicians both opined that Plaintiff was capable of performing light work with occasional postural limitations. AR 634-38, 639-45, 690-91. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

    On appellate review, this Court does not reweigh the hearing evidence regarding Plaintiff's credibility. Rather, this Court is limited to determining whether the ALJ properly identified clear and convincing reasons for discrediting Plaintiff's credibility. Smolen, 80 F.3d at 1284. The written record reflects that the ALJ did just that. It is the responsibility of the ALJ to determine credibility and resolve conflicts or ambiguities in the evidence.

Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). If the ALJ's findings are supported by substantial evidence, this Court may not engage in second-guessing. See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002); Fair, 885 F.2d at 604.

## V.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: July 10, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge